O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK L. HANFORD,<br><br>    Petitioner,<br><br>    v.<br><br>JIM McDONALD, Sheriff,<br><br>    Respondent. | Case No. CV 19-1229-JGB (SP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.

## **INTRODUCTION**

On February 19, 2019, petitioner Derrick L. Hanford, who was then a detainee at the Twin Towers Correctional Facility in Los Angeles, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges the deprivation of his purported right to sovereign immunity under 18 U.S.C. § 242 and the Fourteenth Amendment. Petitioner also seeks his release from state custody.

For the reasons that follow, the Petition will be summarily dismissed. Most fundamentally, petitioner's claim is nonsensical and does not constitute a basis for habeas relief. Moreover, even if the claim were not nonsensical, petitioner has failed to exhaust his state court remedies. Consequently, the Petition must be

dismissed.

## II.
## **BACKGROUND**

At the time he filed the Petition, petitioner contended he was being detained at the Los Angeles County Jail for assault under California Penal Code § 245(a). Petitioner does not provide a case number, date of conviction, or any information about his sentence; however, online records from the Los Angeles County Sheriff's Department show petitioner was sentenced to probation on March 28, 2019 – after he filed the Petition – and released.[1]

## III.
## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, as discussed below, its sole claim does not provide a basis for habeas relief, and petitioner in

---

[1] *See* Los Angeles County Sheriff's Department Inmate Locator, available at https://app5.lasd.org/iic/. The court may take judicial notice of facts that are not subject to reasonable dispute because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court may take judicial notice on its own or at the request of a party. Fed. R. Evid. 201(c). A court may take judicial notice of information from reliable sources such as government agency websites. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (citation omitted); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (judicial notice taken of information from school district websites because they are government entities).

2

any event has not exhausted his state remedies.

**A.  The Petition's Sole Claim Is Not a Basis for Habeas Relief**

Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, petitioner claims he is being deprived of his right of sovereign immunity under the Fourteenth Amendment and 18 U.S.C. § 242, which makes it a misdemeanor to willfully and under color of state law subject any person to the deprivation of rights secured or protected by the Constitution.

Petitioner's argument is frankly nonsensical. Petitioner, as an individual, is not entitled to sovereign immunity, and neither 18 U.S.C. § 242 nor the Fourteenth Amendment guarantee him this right. This Court has consistently rejected the argument that a "sovereign citizen" is not subject to state and federal laws, and has special rights and privileges. *See Bey v. Peltier*, 2018 WL 1858189, at *2-3 (C.D. Cal. Jan. 25, 2018) (citation omitted); *Skinner v. U.S. Dep't of Justice*, 2018 WL 7893014, at *7 (C.D. Cal. Dec. 26, 2018); *Hafler v. Cnty. of San Luis Obispo*, 2018 WL 6074531, at *8 (C.D. Cal. Aug. 29, 2018). Consequently, any failure by the Superior Court to recognize petitioner's nonexistent sovereign immunity would not make petitioner's custodial confinement unlawful. *See Bailey v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of petitioner's custody). In short, petitioner's sole claim cannot entitle him to habeas relief.

**B.  Petitioner's Claim Is Unexhausted**

It is well-established that, before a state prisoner challenges his state conviction in federal court via a federal habeas petition, he must first exhaust his federal grounds for relief in state court. 28 U.S.C. § 2254(b)(1)(A); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per

curiam). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365 (citation omitted). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See id.* (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Petitioner here did not present his claim that he is being held in violation of his right to sovereign immunity to the California Supreme Court. This is apparent from the face of the Petition, where petitioner notes he did not appeal to the California Court of Appeal, and he did not file a petition for review or habeas petition with the California Supreme Court. Pet. at 2-3, 5. This makes sense because, as set forth above, petitioner was only just sentenced by the Superior Court on March 28, 2019, and therefore he has not yet had time to exhaust his state court remedies. Accordingly, even if petitioner raised a valid claim, his sole claim in the Petition is unexhausted and warrants dismissal on that basis too. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

In sum, the Petition does not raise a valid claim for habeas relief, and in any event petitioner has not yet exhausted his state court remedies.

**IV.**

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: May 22, 2019

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE